# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRYG INSURANCE a/s/o Toms Confectionery Group, and TOMS CONFECTIONERY GROUP,<br><br>Plaintiffs,<br><br>- against-<br><br>C.H. ROBINSON WORLDWIDE, INC., and NATIONAL REFRIGERATED TRUCKING, LLC.,<br><br>Defendants. | Case No.  3:15 Civ. 05343 (MAS) (TJB)<br><br>Hon. Michael A. Shipp, (U.S.D.J.) |

## DEFENDANT C.H. ROBINSON WORLDWIDE INC'S SUPPLEMENTAL PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Dated: June 22, 2017

Kenneth A. Olsen, Esq.
33 Philhower Road
Lebanon, New Jersey  08833
Phone: (908) 832-9207
Fax: (908) 832-5403
Email:  kolsen53@earthlink.net

~and~

By: /s/ Barry Gutterman
Barry N. Gutterman, Esq. (Admitted Pro Hac Vice)
Barry N. Gutterman & Associates, P.C.
85 Davids Way
Bedford Hills, New York 10507
Phone:  (212) 983-1466
Fax:  (914) 234-7929
Email: bngassc@aol.com
*Attorneys for Defendant C.H. Robinson Worldwide, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRYG INSURANCE a/s/o Toms Confectionery Group, and TOMS CONFECTIONERY GROUP,<br><br>    Plaintiffs,<br><br>- against-<br><br>C.H. ROBINSON WORLDWIDE, INC., and NATIONAL REFRIGERATED TRUCKING, LLC.,<br><br>    Defendants. | Case No.  3:15 Civ. 05343 (MAS) (TJB)<br><br>Hon. Michael A. Shipp, (U.S.D.J.) |

**DEFENDANT C.H. ROBINSON WORLDWIDE INC'S
SUPPLEMENTAL PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW**

**I.     Introduction**

On March 8, 2017, a final pretrial order (dkt. 30) was entered and defendant C.H. Robinson Worldwide, Inc. ("CHRW") stipulated as to uncontested facts.  On May 2, 2017, CHRW filed its Trial Brief pursuant to Local Civil Rule 7.2 B (dkt. 39) and included proposed findings of fact and conclusions of law.

On May 4, 2017, a bench trial was conducted before Your Honor.  On the day of trial, the parties submitted for Your Honor's review the deposition transcript for Janet Hays with markings in green by Plaintiff's counsel and with markings in yellow by CHRW's counsel for testimony that the parties are relying upon for their proposed respective findings of fact.   At the close of the evidence, Your Honor advised counsel to submit proposed or supplemental findings of fact and conclusions of law on a date mutually agreed upon, which was established as on or before June 22, 2017 by Letter Order dated May 23, 2017 (dkt. 42).   Accordingly, CHRW hereby submits its supplemental proposed finding of facts citing pages and lines from the trial

1

transcript and page numbers ("Tr."), references to the pages and lines from Ms. Hays deposition testimony transcript and page numbers ("Hays Dep. Tr."), including reference to the trial exhibits, and proposed conclusions of law.

**II.     Proposed Findings Of Fact**

1. On July 9, 2015, plaintiffs Tryg Insurance a/s/o Toms Confectionery Group and Toms Confectionery Group (collectively "Toms") filed a Complaint against CHRW and National Refrigerated Trucking, LLC (hereinafter "NRT"). (Dkt. 1).

2. The Summons and Complaint was served on NRT on August 10, 2015 (Dkt. 9) but NRT failed to appear and, upon information and belief, NRT is no longer in business.

3. Toms' Complaint alleges that CHRW was hired to provide interstate motor carriage for Toms' cargo and subcontracted the carriage to NRT and that NRT failed to safely transport, handle, and deliver the cargo in the same good order and condition as when received by it. (Dkt. 1).

4. Based upon Plaintiff's Complaint its damages were $124,034.31. (Dkt. 1).

5. On July 27, 2015, CHRW filed its Answer with Affirmative Defenses with Cross-Claims against Co-Defendant NRT. (Dkt. 6).

6. This action involved interstate transportation of goods by motor carriage and the Court has jurisdiction over the subject matter of this action pursuant to 49 U.S.C.§ 14706 (the "Carmack Amendment") and 28 U.S.C. §§ 1331 and 1337(a). Complaint, CHRW's Exhibit "1", said Exhibit identified at Tr. 45:11-14.

7. Venue is proper pursuant to 49 U.S.C. § 14706(d). Complaint, CHRW's Exhibit "1".

8.     Michael Bastholm is the shipping manager for Plaintiff Toms Confectionery Group ("Toms"), a chocolate producer, and his duties are to receive orders and plan shipping on a global basis and they distribute their products in the United States.  Bastholm Tr. 17:10-24; 18:3-5.

9.     Assured Packaging ("Assured") is the company responsible for packing chocolate products, they are located in Pennsylvania, and Toms has employed them to package chocolate products.  Bastholm Tr. 19:14-25.

10.    Toms Exhibit "A" is the bill of lading related to the transportation from Assured in Levittown, New Jersey to Coregistics in Cranbury, New Jersey and an employee of Assured prepared the bill of lading on behalf of Toms.  Bastholm Tr. 21:8-14.

11.    On the bill of lading, top left corner, the carrier listed is CHRW and on the bottom right hand corner the carrier listed is N.R. Transport ("NRT"), which signed the bill of lading and this was proof NRT was given the goods.  Bastholm Tr. 22:1-19.

12.    Prior to this incident and shipment, back in 2013, Bastholm probably visited the CHRW website but he never studied it closely.  Bastholm Tr. 25:23-25.

13.    Bastholm never saw CHRW listed as a carrier on its website.  Bastholm Tr. 42:10-13.

14.    Assured would send Bastholm the bill of lading (Exhibit "A") by email on the actual day of the shipment or on the next day and he would skim over it and check the PO number. Bastholm Tr. 26:13-25.

15.    CHRW and Janet Hays, Bastholm's contact at CHRW during approximately a five year period, wherein CHRW gave good and responsible service.  Bastholm Tr. 29:12-15.

16.    CHRW did not issue another bill of lading for the shipment and NRT drove the goods on behalf of CHRW and they had no other agreement with them.  Bastholm Tr. 33:1-14.

17. CHRW did not sign the bill of lading. Bastholm Tr. 33:21-23; Exhibit "A".

18. Bastholm had no evidence that CHRW transported the goods for this shipment and no evidence that CHRW ever loaded or unloaded the cargo from the shipment. Bastholm Tr. 34:15-24.

19. Bastholm had no conversations with anyone at Assured as to why CHRW was listed in one spot on the bill of lading as the carrier. Bastholm Tr. 35:14-18.

20. The survey performed for Plaintiff by International Surveyors and Adjusters ("ISA"), (Exhibit "9" to CHRW's trial exhibits) does not refer to CHRW as the carrier and they never told him they had any equipment to transport cargo. Bastholm Tr. 39:8-18.

21. Toms used two other companies to arrange for the transport of their goods from Europe to the United States from 2009-2013 but he did not check their websites because he did not need to. Bastholm Tr. 42:19-25; 43:1-15.

22. Bastholm's understanding was that CHRW arranged for the transportation and subcontracted the physical transport to NRT. Bastholm Tr. 44:6-10, 15-20.

23. Bastholm has no proof or documentation that CHRW was actually a carrier and CHRW was his sole contact. Bastholm Tr. 45:5-13.

24. Toms is an educated and knowledgeable shipper. Bastholm Tr. 46:13-19.

25. Chris McLoughlin is the Risk Manager for CHRW employed by them for 17 years. McLoughlin Tr. 51:9-10, 16-17; 52:13-16.

26. McLoughlin reviewed the books and records of CHRW in the ordinary course of business with regard to this shipment and he is familiar with the lawsuit filed against CHRW and National Refrigerated Trucking ("NRT"). McLoughlin Tr. 53:18-25.

27. Over a 17 year period McLoughlin reviewed bills of lading and customarily the driver on behalf of the motor carrier signs the bills of lading. McLoughlin Tr. 59:6-18.

28. Plaintiff's Exhibit "F", the carrier load confirmation, was used in this case and it is a rate confirmation listing the carrier as NRT and CHRW as a broker. McLoughlin Tr. 59:19-25; 60:1-25.

29. The Carrier Load Confirmation (Plaintiff's Exhibit "F") is a rate confirmation. It is a document used by CHRW after the terms are negotiated with the carrier on an individual shipment and CHRW sends them a rate confirmation that restates the agreement with the carrier, primarily laying out where the carrier is to pick up the load, where the carrier is going to be delivering the load and then the agreed upon rate for transportation service that the carrier is going to provide. McLoughlin Tr. 59:19-25; 60:8-19.

30. Toms Exhibit "D" is the contract between CHRW as property broker and the motor carrier, NRT, and CHRW is listed as the broker. McLoughlin Tr. 61:19-25; 62:1-15.

31. The contract between CHRW and NRT (Exhibit "D") states in paragraph 11 that "the carrier (NRT) is an independent contractor and shall exercise exclusive control, supervision, and direction over the manner in which transportation services are provided … and the contract does not create, nor shall it be deemed to create a partnership, joint venture, or agency relationship between CHRW and Carrier (NRT)." Undisputed Stipulated Fact 11 (Dkt. 30); Exhibit "5"; CHRW's Exhibit List.

32. On behalf of Toms, Assured appointed CHRW to arrange and coordinate the delivery of 2430 out of the 2622 cartons from Levittown, Pa. to Coregistics located at 260 Prospect Plains Road in Cranbury, New Jersey and CHRW appointed NRT to physically

5

transport the shipment from Levittown to Cranbury, New Jersey.  CHRW Exhibit "9", paragraph 1.2.  Transit Details.

33. In CHRW's Exhibit "9" (the ISA survey report), CHRW is not referred to as a carrier and not referred to as contributing to the loss and the underwriter for Toms requested the survey.  McLoughlin Tr. 64:3-16, 22-25; 65:1.

34. NRT was a licensed interstate motor carrier at the time of the shipment (Exhibit "7").  McLoughlin Tr. 62:18-25.

35. NRT provided CHRW with evidence of $100,000 cargo insurance coverage. (Exhibit "8"). McLoughlin Tr. 63:11-25; 64:1-2.

36. CHRW had a website (CHRW's Exhibit "10") in effect at the time of the shipment.  McLoughlin Tr. 79:6-8.

37. McLoughlin reviewed CHRW's website at least twice a year (CHRW's Exhibit "10") and CHRW is a non-asset provider, a term used to refer to property brokers or third-party logistics companies who do not physically perform transportation services and CHRW is not referred to as a carrier on its website.  McLoughlin Tr. 65:2-8, 22-25; 66:1-25; 67:1.

38. With regard to the invoice for services rendered by CHRW for Toms (Toms Exhibit "C"), Toms was charged $650 and NRT was paid $475 (Exhibit "5").

39. CHRW charged Toms for arranging transportation services and the line haul charges is the cost charged to the customer to arrange for services to move the cargo.  Toms Exhibit "C" and McLouglin Tr. 75:5-25; 76:1-2.

40. CHRW does not assign the motor carrier's driver and does not get involved in the loading or unloading of cargo.  McLoughlin Tr. 70:7-10; 71:4-6.

41. CHRW is a third party logistics company in the logistics business.  Hays Dep. Tr. 5:19-25.

42. On behalf of CHRW, Hays arranges for the shipping of customers goods.  Hays Dep. Tr. 12:2-13.

43. Bastholm was Hays' contact at Toms.  He would email her saying he was planning to have several shipments coming up and she would quote on the shipment.  Hays Dep. Tr. 23:6-12.

44. CHRW started shipping for Toms in 2009.  Hays Dep. Tr. 7-9, 19-20.

45. CHRW hired NRT so NRT, to get paid, would have to include their invoice and the bill of lading.  Hays Dep. Tr. 49:9-12, 15-18.

46. CHRW owns no truck to transport cargo and does not get involved with loading or unloading or taking possession of cargo to transport goods.  Hays Dep. Tr. 56:24-25; 57:2-5.

47. CHRW is a broker, a 3PL, which is a third party logistics company or a service which means it is not the shipper or receiver and basically is an arranger or freight and a broker is encompassed within 3PL.  Hays Dep. Tr. 57:24-25; 58:2-13.

48. The carrier load confirmation, which referred to CHRW as the broker, was in effect at the time of the claim and NRT was notified about the plaintiff's claim.  Hays Dep. Tr. 62:6-25; 63:2-5; Plaintiff's Exhibit "F".

49. CHRW had no master contract with Toms.  Undisputed Stipulated Fact 16 (Dkt. 30).

50. CHRW did not pick up or deliver goods in a physical way.  CHRW is the logistics provider and arranged for the pickup.  Hays Dep. Tr. 64:17-25; 65:9-24.

51. CHRW never had physical possession of Toms Goods that were the subject of the complaint and which were transported by NRT. Hays Dep. Tr. 57:3-6; Undisputed Stipulated Fact 20 (Dkt. 30).

52. From August 2009 to November 2014 CHRW handled 150 loads for Toms. Hays Dep. Tr. 66:4-10; 67:2-14; Exhibit 13 attached to Hays Dep. Tr.

### III. Proposed Conclusion Of Law

1. CHRW acted as a broker for the subject shipment and, as such, has no liability to Plaintiffs and the Complaint should be dismissed without costs to any party.

2. CHRW, acting as a broker, cannot be held liable to Plaintiffs for the negligent acts by National Refrigerated Trucking, LLC, which was the sole motor carrier that transported the subject goods.

3. NRT is solely liable to Plaintiffs for any damages incurred to Plaintiffs' goods as they were the motor carrier in sole possession of the goods at the time of the damage.

Dated: June 22, 2017

By: s/Kenneth A. Olsen
Kenneth A. Olsen, Esq.
33 Philhower Road
Lebanon, New Jersey 08833
Phone: (908) 832-9207
Email: kolsen53@earthlink.net
    ~and~
Barry N. Gutterman, Esq. (Admitted Pro Hac Vice)
Barry N. Gutterman & Associates, P.C.
85 Davids Way
Bedford Hills, New York 10507
Phone: (212) 983-1466
Fax: (914) 234-7929
Email: bngassc@aol.com
*Attorneys for Defendant C.H. Robinson Worldwide, Inc.*