UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TRYG INSURANCE, et al.,

    Plaintiffs,

v.

C.H. ROBINSON WORLDWIDE, INC., and NATIONAL REFRIGERATED TRUCKING, LLC,

    Defendants.

Civil Action No. 15-5343 (MAS) (TJB)

**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiffs Tryg Insurance and Toms Confectionary Group's ("Toms") (collectively "Plaintiffs") Motion for Default Judgment against National Refrigerated Trucking ("Defendant" or "NRT"). (ECF No. 44.) NRT has not filed an Answer to the Complaint, any responsive motion, or opposition to the instant motion. The Court has carefully considered Plaintiffs's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

**I.**   **Background**

On July 9, 2015, Plaintiffs filed a Complaint against NRT and C.H. Robinson Worldwide, Inc. ("CHRW") (collectively "Defendants") alleging that Defendants are liable for damage to goods that occurred during an interstate transport of cargo belonging to Toms. Plaintiffs allege that Toms hired CHRW as a motor carrier to transport the goods, which consisted of miniature chocolate liquor bottles, and CHRW sub-contracted the transportation to NRT. According to the Complaint, the refrigeration mechanism in NRT's truck malfunctioned during delivery, destroying the chocolate liquor bottles.

Plaintiffs allege that NRT is a motor carrier and obligated under the Carmack Amendment, 49 U.S.C. § 14706, and the terms of the Bill of Lading to properly and safely transport the goods. Plaintiffs allege NRT breached this duty by failing to deliver the Cargo in the same good order and condition as when NRT received the Cargo.

NRT was served with the Complaint by personal delivery upon NRT's Registered Agent on August 10, 2015. (ECF No. 9; Pls.' Mot. For Default, Affidavit of John T. Lillis, Jr. ¶¶ 9-11, ECF No. 44-1.) NRT did not appear in this matter. The Court conducted a one-day bench trial on the issue of liability as to CHRW.[1] Plaintiffs move for default judgment against NRT.

## II.  Legal Standard

Federal Rule of Civil Procedure 55 allows for the entry of default judgment against a party who has failed to plead or otherwise defend claims asserted against it. Default judgment is left "primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Before a Court can award default judgment, it must consider "whether the moving party's complaint establishes a legitimate cause of action." *La. Counseling & Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 365 (D.N.J. 2008). "A consequence to the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (internal quotation marks omitted). Federal Rule of Civil Procedure 55(b)(2)(B) specifies that "the court may conduct hearings . . . when . . . it needs to . . . determine the amount of damages" owed to a party after entry of default judgment. Fed. R. Civ. P. 55(b)(2)(B). Damages, however, may

---

[1] Plaintiffs and CHRW stipulated to the damages amount. The trial was solely on the issue of liability.

be determined without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Malik v. Hannah*, 661 F. Supp. 2d 485, 493 (D.N.J. 2009).

Prior to entering default judgment, the Court must determine whether it has subject matter jurisdiction over the claims asserted and personal jurisdiction over the parties. *Mark IV Transp. & Logistics v. Lightning Logistics, Inc.*, No. 16-3572, 2017 WL 3668946, at *4 (3d Cir. Aug. 25, 2017) (citing *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010)). Further, the Court must determine "whether the moving party's complaint establishes a legitimate cause of action." *La. Counseling and Family Servs., Inc.* 543 F. Supp. 2d at 365. If these initial requirements are met, then the Court must consider three factors to determine whether entry of a default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

III. **Analysis**

   A. **Jurisdiction**

Plaintiffs bring their claims under the Carmack Amendment, 49 U.S.C. § 14706, for damage caused to goods during interstate transport. The Court, therefore, exercises subject matter jurisdiction over the federal claim pursuant to 28 U.S.C. § 1331. In addition, the Court has personal jurisdiction over NRT. Plaintiffs personally served NRT's registered agent in the State of New Jersey. (ECF No. 9; Pls.' Mot. For Default, Affidavit of John T. Lillis, Jr. ¶¶ 9-11.)

B.  **Legitimate Cause of Action**

Here, Plaintiffs allege one-count against NRT for "Breach of Contract of Motor Carriage." Plaintiffs assert liability under the Carmack Amendment and the terms of the Bill of Lading for "failing to deliver the Cargo in the same and good order and condition as when [NRT] received [] it." (Compl. ¶¶ 27-30, ECF No. 1.)

The Carmack Amendment provides for the liability of interstate carriers for damage to goods during transportation. *See Hartford Fire Ins. Co. v. Dynamic Worldwide Logistics, Inc.*, No. 17-553, 2017 WL 3868702, at *2 (D.N.J. Sept. 5, 2017); *Phoenix Ins. Co., Ltd. v. Norfolk S. R.R. Corp.*, No. 11-00398, 2014 WL 2008958, at *6 (D.N.J. May 16, 2014). The Carmack Amendment was intended "to create a national scheme of carrier liability for goods damaged or lost during interstate shipment under a valid bill of lading." *Phoenix Ins. Co.*, 2014 WL 2008958, at *7. In order to recover for damage to a shipment, the shipper must demonstrate: "(1) delivery of its goods to the carrier in good condition; (2) arrival in damaged condition; and (3) specific damages." *Allied Tube & Conduit Corp. v. S. Pac. Transp. Co.*, 211 F.3d 367, 370-71 (7th Cir. 2000). Once a shipper establishes these elements, the burden shifts to the carrier, who can avoid liability by showing that: "(1) it was not negligent; and (2) the damage to the cargo was caused by, among other things, the act of the shipper." *Id.*

Accepting the facts in Plaintiffs' Complaint as true, Plaintiffs allege that NRT "received, and accepted the Cargo, then in good order and condition," (Compl. ¶ 15), "[p]rior to arrival [at the destination], the refrigeration mechanism of the trailer carrying the Cargo ... malfunctioned," (Compl. ¶17) and the goods were delivered in damaged condition (Compl. ¶ 19). Plaintiffs allege

4

the damage to the Cargo totaled $124,034.31.[2] (Compl. ¶ 20.) Plaintiffs have, therefore, established legitimate claims and have provided a sufficient basis for this Court to determine the amount of damages.

### C. *Chamberlain* Factors

#### 1. Prejudice to Plaintiffs if Default is Denied

"As to the first factor, '[w]hen a defendant fails to respond to a plaintiff's claims, the plaintiff will be prejudiced absent a default judgment because [the] plaintiff will be left with no other means to vindicate [its] claims.'" *United States v. DiPiazza*, No. 16-518, 2016 WL 7015625, at *2 (D.N.J. Nov. 30, 2016) (quoting *United States v. Vo*, No. 15-6327, 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016)). In this case, Defendant failed to participate in the case in any way; thus, Plaintiffs will suffer prejudice if default is denied. The Court, therefore, finds that the first *Chamberlain* factor weighs in favor of entering a default judgment.

#### 2. Whether Defendant Has a Litigable Defense

"A . . . defense[] will be deemed meritorious when the allegations of the pleadings, if established at trial, would . . . constitute a complete defense." *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 869-70 (3d Cir. 1984). Here, Defendant failed to raise any defenses for the Court's consideration because Defendant failed to respond. *See Vo*, 2016 WL 475313, at *3 (noting that "the Court cannot consider [d]efendant's defenses if any exist because [d]efendant failed to respond to this action"); *Prudential Ins. Co. of Am. v. Taylor*, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) (stating that "because [defendant] has not answered or

---

[2] Plaintiffs support the damages total by reference to its insurance claim. Indeed, Toms's insurance carrier, Tryg Insurance, remitted the full value of the Cargo, less Toms's deductible under the applicable policy of insurance. (Compl. ¶¶ 20-21.)

5

otherwise appeared in this action, the Court was unable to ascertain whether she has any litigable defenses"). Thus, the second *Chamberlain* factor indicates that a default judgment is warranted.

### 3. Whether Defendant's Delay is Due to Culpable Conduct

In considering whether a default was the result of a defendant's culpable conduct, the Court asks, "whether it acted willfully or in bad faith." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982). Here, Plaintiffs served Defendant with their Complaint, through its registered agent, on August 12, 2015. (ECF No. 9.) Defendant failed to respond with any filing or submission to the Court. While Defendant's complete inaction "may not necessarily reflect bad faith, at the very least it reflects willful conduct." *DiPiazza*, 2016 WL 7015625, at *5. The final *Chamberlain* factor, therefore, weighs in favor of the Court's entry of a default judgment.

## IV. Conclusion

For the reasons set forth above, Plaintiffs' Motion for Default Judgment is granted. An order consistent with this opinion will be entered. The Court will enter a Final Judgment as to damages.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**