UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TRYG INSURANCE, et al.,

    Plaintiffs,

v.

C.H. ROBINSON WORLDWIDE, INC., et al.,

    Defendants.

Civil Action No. 15-5343 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the court on Plaintiffs Tom's Confectionery Group ("Toms") and Tryg Insurance's ("Tryg") (collectively, "Plaintiffs") motion for prejudgment interest. (ECF No. 54.) Defendant C.H. Robinson Worldwide, Inc. ("CHRW") filed opposition (ECF No. 55) and Plaintiffs replied (ECF No. 56). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Plaintiffs' motion and awards prejudgment interest in the amount of $3,849.20.

On May 4, 2017, the Court held a one-day bench trial to address the issue of CHRW's liability under the Carmack Amendment. On November 28, 2017, the Court entered an Opinion and Final Judgment finding CHRW liable and awarding $124,034.31 to Plaintiffs. (Nov. 28, 2017 Op., ECF No. 52.) On the same date, the Court entered final default judgment against non-appearing Defendant National Refrigerated Trucking ("NRT"). (ECF No. 51.) The Court found CHRW and NRT jointly and severally liable for the damages amount. (J. Order ¶ 2, ECF

No. 53.) The Court also permitted Plaintiffs to submit proposed calculations regarding prejudgment interest. (*Id.* at ¶ 3.) The Court now considers this issue.[1]

The determination of prejudgment interest is not governed by statute. A district court has discretion in deciding the appropriate amount of prejudgment interest, but may look to the governing statute for postjudgment interest where appropriate. *Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 63 (3d Cir. 1986) (citing 28 U.S.C. § 1961). Plaintiffs argue that the Court should use the postjudgment interest formula set out in 28 U.S.C. § 1961, which calculates interest at a rate equal to the weekly average one-year constant maturity treasury yield ("CMT"). The CMT is published weekly by the Board of Governors of the Federal Reserve System and is the average yield of a range of Treasury securities, adjusted to the equivalent of a one-year maturity. "[T]he 52-week Treasury bill rate has been found by Congress and by the marketplace to be a suitable approximation of the available return for a typical risk-free investment." *Davis v. Rutgers Casualty Ins. Co.*, 964 F. Supp. 560, 576 (D.N.J. 1997). As such, Plaintiffs ask the Court to apply the CMT rate of 1.75%,[2] the rate published during the calendar week preceding the date of the judgment. Such a calculation would result in $9,586.82 in prejudgment interest. In contrast,

---

[1] Neither party contests that prejudgment interest is appropriate. Determining whether to award prejudgment interest is in the sole discretion of the District Court. *Feather v. United Mine Workers*, 711 F.2d 530, 540 (3d Cir. 1983). In a federal question jurisdiction case, such as this, the Court considers: "(1) whether the claimant has been less than diligent in prosecuting the action; (2) whether the defendant has been unjustly enriched; (3) whether an award would be compensatory; and (4) whether countervailing equitable considerations militate against a surcharge." *Id.* (citing *Nedd v. United Mine Workers of Amer.*, 488 F. Supp. 1208, 1219-20 (M.D. Pa. 1980)). An award of prejudgment interest serves to account for the possible loss that monies owed would have presumably earned. *Cooper Distrib. Co., Inc. v. Amana Refrigeration, Inc.*, 63 F.3d 262, 284 (3d Cir. 1995). The Court is satisfied that awarding prejudgment interest is appropriate in this case. Thus, the question before the Court is the proper calculation of interest.

[2] Although Plaintiffs represent that the CMT rate was 1.75% (Affidavit in Support of Mot. 3 n.1, ECF No. 54-2), the Court's review of the CMT rates appears to show the rate as 1.62%.

Defendant asks the Court to use its discretion, as allowed in *Sun Ship*, and reduce the interest fees based on the fluctuating federal interest rates during the period of loss.

The Court declines to adopt Plaintiffs' calculation. The applicable CMT rate at the time of judgment was much higher than the average interest rate over the fifty-three-month period in question. While the Court recognizes the advantage of using the CMT rate as a method of calculating prejudgment interest, here, using one rate for the entire period would be an unfair windfall to Plaintiffs. In balancing these equitable considerations, the Court will award prejudgment interest based on the CMT rate, adjusted to fairly reflect the entire time-period at issue.

The Eastern District of Pennsylvania followed a similar approach in *O'Neill v. Sears, Roebuck and Co.*, 108 F. Supp. 2d 443, 446 (E.D. Pa. 2000). In *O'Neill*, following a jury verdict for the plaintiff in an employment action, the court calculated prejudgment interest on awarded back pay. (*Id.*) The court applied the corresponding CMT rate for each individual year of awarded back pay, instead of using one rate for the entire period. (*Id.*) The Court finds this method equitable in the current situation. The Court will, therefore, use the CMT rate for calculating the prejudgment interest, but calculate the prejudgment interest on a yearly basis.

To satisfy the goal of making Plaintiffs whole while balancing the interest of fairness, the Court will calculate the CMT rate from the date of judgment—November 28, 2017—using the CMT rate from the week preceding the date of judgment only for the year of loss it reflects. Calculating the CMT rate over the span of approximately four years thus results in a prejudgment interest of $3,849.20 as follows:

| Date Range | Interest Rate[3] | Prejudgment Interest Amount |
|---|---|---|
| July 17, 2013 – November 28, 2013 | 0.13% | $53.75 |
| November 29, 2013 – November 28, 2014 | 0.14% | $173.65 |
| November 29, 2014 – November 28, 2015 | 0.51% | $632.57 |
| November 29, 2015 – November 28, 2016 | 0.79% | $979.87 |
| November 29, 2016 – November 28, 2017 | 1.62% | $2,009.36 |
| | | **Total: $3,849.20** |

Accordingly, **IT IS** on this 30th day of August 2018, **ORDERED** that:

1. Defendants are jointly and severally liable for prejudgment interest in the amount of $3,849.20.

2. The Clerk shall close this matter.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

---

[3] The CMT rates are available at www.federalreserve.gov/datadownload/Choose.aspx?rel=H15.